Reeves v. Calloway. Mr. Brewer, when you're ready. Thank you, and good morning judges Shedd, Hamilton, and Winn. My name is William E. Brewer, Jr. I'm an attorney from Raleigh, North Carolina, and I represent the appellate debtors in this appeal to the Fourth Circuit. This appeal entails the issue of whether a Chapter 7 trustee has the authority to liquidate a fully encumbered asset which the debtor has exempted from the bankruptcy estate. Now, that issue is obscured in this case somewhat by the fact that the lien, in this case, that fully encumbers the debtor's residence, is a federal tax lien. We're on the same page with the interest rate, which the debtor has exempted. What has he exempted? That's the focal point. Is there interest in it, or is it the property? And I submit that they are one and the same, as put out in my brief, Your Honor. I think, and this comes back, I think, to the Schwab opinion. Tell me how interest and property are the same in terms of title. It seems like we're talking about legal and equitable title. Are you saying those are the same? Yes. When I took property law in my first year of property class from Dean Acock, well, yes, that was a long time ago. Did you make a good grade? As I recall, I made an A, but I kind of recall making A's in everything. You know what? You and I had the same record in law school. But if you look at an interest in property, you're talking about real estate. Look, is that interest a fee simple absolute? Is it tenants by the entirety? Is it a, you know, they had all these fee simple conditional or condition precedent? Is it a life? I mean, we're talking about the difference between legal and equitable interest. Yes, but the bankruptcy code brings the debtor's interest, whatever it is, into the bankruptcy code. Section 541A says the debtor's interest of whatever type, be it legal or equitable, comes into the bankruptcy estate. You don't dispute that the house was part of the bankruptcy estate? No, when he filed the bankruptcy on the day he filed, yes. All right. And then Section 522L and 522B allows the debtor to remove from that state his interest in property, and he removed the interest in that property. I don't think that's correct. I think that the exemption pertains to the debtor's interest in the asset, not to the asset per se. And that was a ruling that the bankruptcy court made, and that's pursuant to the case of Schwab v. Riley, 2010 Supreme Court, that when the bankruptcy code defines the property, a debtor is authorized to exempt as an interest the value of which may not exceed a certain dollar amount in a particular type of asset. The exemption pertains to the debtor's interest in the asset, not to the asset itself. In other words, the debtor had an interest in the bankruptcy estate of, what was it, $60,000, subject to the preexisting superior liens, but he didn't have that interest in the house per se. Let me address that specifically with Schwab, because I think Schwab was misconstrued by the bankruptcy court. I think it was misconstrued by the district court, in which it cited, after sitting on the case for 10 months, Judge Fox issued a two-page opinion that said, you know, the bankruptcy court was right, more or less. Well, you've got to convince me that I'm misconstruing Schwab. And that's what I'm going to do right now, Your Honor. At least I'm going to try. Schwab involved interest in the sense of there was an exemption, and in that case it was equipment in a business. And the debtor under the Bankruptcy Code exemptions had exempted an interest, and I think you could exempt about $12,000, combining the wild card exemption in the Bankruptcy Code and the tools of the trade, and he put a value, she put a value that was less than that. Trustee didn't object to that claim of exemption, and then later found out this property, I believe, based on what I'm being told I can liquidate it for, is worth much more. So Justice Thomas, in discussing interest, was talking about, in my opinion, monetary interest. And he makes that clear that if the interest, and in that case a monetary interest, the debtor's interest was greater than the allowed exemption, so that interest wasn't exempt. I will quote from Justice Thomas' opinion. Whereas here, it is important to the debtor to exempt the full market value of the asset or the asset itself. That's Justice Thomas' words. What case does that end? This is Schwab. Our decision will encourage the debtor to declare the value of her claim to exemption in a manner that makes the scope of the exemption clear. For example, by listing the exempt value as the full fair market value, 100%, such a declaration will incur the trustee to object promptly to the exemption if he wills to challenge it and preserve for the state any value in the asset beyond the relevant statutory limit. The next sentence is very important. If the trustee fails to object or if the trustee objects and the objection is overruled, the debtor will be entitled to exclude the full value of the asset. If the trustee objects. What do you mean by if the objection is overruled? And that's what happened in this case. In fact, our case is unlike Schwab because even though this case predated Schwab, I was claiming this exemption on behalf of the debtors before Schwab came out. But I had claimed a full 100% of the value of the debtor's entire interest in property exempt. How do you get the $60,000 ahead of the mortgage lien? I'm not saying I'm getting ahead of the mortgage lien. What I'm saying is North Carolina statute says the debtor may exempt his or her interest or their interest in property use of residence, the value of which may not exceed. The number is actually 35, so I could claim 70. In this case, as in many cases, I didn't exempt but 60 because North Carolina has a wild card exemption that's $5,000 that you have to take out of the residence exemption, so I only claimed 60. But the point is there is no value there. The debtor's value did not exceed 60. It didn't exceed zero because, as the judge found in its order, denying the trustee's objection to exemptions that the properties were $325, there's a $195,000 mortgage, there's a $300-and-some-thousand tax lien, and therefore the value is zero. So the debtor's interest, unlike Schwab, did not exceed the statutory limit. Where do we look for guidance on how you read that North Carolina statute? Didn't you just cite a North Carolina statute? Yes, yes. Where do we look for guidance on how you read that? I would say it's the plain language of the statute. What do you do if somebody disputes it? Where do we look? North Carolina Supreme Court. Is there a decision on how you read that statute? Your Honor, I am nowhere of any issue where that issue has been raised in the North Carolina courts. In the Court of Appeals or the Supreme Court. At least with respect to what the debtor exempts. You need to understand those situations always work, you know, are not being played out in the bankruptcy context, but a single creditor trying to execute on a piece of property. On the North Carolina law, there are two different types of exemptions that are permitted. One allows exemptions up to a defined value. And another type of exemption, perhaps the one you alluded to on personal property, allows you, like health aides or something like that, allows you to exempt the property. And this is of the first type. This is the type that allows you to exempt up to a defined value. Again, Your Honor, my interpretation of the North Carolina statute is that the debtor, again, exempts his interest in the property. And interest means whatever the debtor has. And I want to make sure I understand that. Do you accept that equitable interest can be extinguished in property? Do I? In other words, can you extinguish equitable interest in property? The debtor has both legal title and equitable title. Can he extinguish the equitable by over-encumbering it? As clearly this is done. I mean, his property is way, way beyond the value. So he has, except your client has no equitable interest in this property. I would disagree with that slightly. Tell me what the equitable interest is. The value of that equitable interest is zero. That's what I want to hear. The debtor's equitable interest is a place to sleep at night. It's a place to go to get away from everyone. That equitable interest is, in fact. I don't know about that, but I'll deal with the zero. Zero is the equitable interest. So, in fact, he only has interest in terms that it has a dollar value on it legally. Exactly. So it's the legal interest that passed over. And the only question before us is whether legal interest can be subject to an exemption. Is that right? I would submit the issue before you is whatever interest the debtor came into the bankruptcy with, legal and equitable, can he remove that? It has a zero value. Yes, but if I were to. So he only has. The trustee's not interested in anything that has zero value. He doesn't want anything to pass it in his state. He can do nothing with it. So the only thing he has that is of value is the legal title to it. But if he's selling it, then he is trying to get some of it. That's a whole different thing. That's the selling of it. I'm talking about from a bankruptcy perspective of what is because he can only sell that that is in the estate. Yes. And all that's in the estate is legal title. And that got exempted by the debtor. The question is, is that all we are considering here is whether under the bankruptcy law in North Carolina like, legal interest can be subject to an exemption. And my answer to that question, yes, it can. Yes, that's all I want to know. And that's all that you've got. That's all we're dealing with is legal interest. Yes. Okay. But, you know, I mean, I need to understand, but there's arguments made that was made by the trustee both before the exemption was heard, by the amicus brief, by the National Association of Bankruptcy Attorneys, and by the trustee in his brief that says if there is no value, there's nothing to exempt. And that is just absolutely positively wrong. The statute does not say that you have to get your equitable interest or your legal interest has to have value. It's just that it can't exceed a certain amount. And, of course, zero is less than the statutory amount. I want you to explain to me, under your theory, how you get priority over the mortgage lien. I think it's Wells Fargo or something. I have not asserted I got priority over the mortgage lien. Well, how are you going to get any money out of it then? My clients are not trying to get money out of it. They're trying to. They are complying with Wells Fargo. They continue to pay Wells Fargo. They just don't want their property to be sold so they can sleep in it at night and have a place to live. Well, if they get the property, what are you saying? They get the property subject to the Wells Fargo lien? Oh, yes, sir. The statute clearly says that. It is subject to the Wells Fargo lien and to the federal tax lien. And all I'm saying is those creditors have to pursue their rights against the property outside the bankruptcy context. I think you're misconstruing the North Carolina statute, which provides that that exemption expressly pertains to a debtor's, quote, not to exceed such amount of money and does not pertain to the real property itself. Your Honor, my time's up, so I want to answer your question. You can do it on my time. Okay. So what that is saying is that the debtor in his exemption would have an interest in the overall bankruptcy estate, not in the specific residential real property. Your Honor, debtors, what you are doing is you're saying debtor's exemptions have to do with money. And it doesn't have to do with money. Debtors exempt cars. They exempt residence. They exempt household furnitures, not so they can sell them to get money. They exempt their clothes so they have something to put on to go to work. They exempt their cars so they can get work. They exempt their residence. So to construe the statute somehow to say if it's got no monetary value, then that property can't be removed from the state, completely obliterates the fresh start promised by the United States Bankruptcy Code. How did the Reeves get in bankruptcy? Were they behind on their mortgage, for instance? They owed $300,000 worth of tax debt, which they could discharge in this bankruptcy because it was more than three years old. That's how they got the status of the mortgage. This mortgage was current. They continued to pay the mortgage. If you look in the record, it shows that they were current when they filed, that they intended to continue to make payments. I don't think it's in the record here, but we had a motion to stay the sale of the property, and part of that motion was that the debtors continue to keep the payments made. Does your reading lead to no distinction between exempting an interest and exempting the property itself? Yes. It makes no difference. In other words, if the statute said property or the statute said interest, your reading, that word difference doesn't matter. It would make a difference only if you're talking about monetary value, but if you're talking about— I didn't ask you to put all that on there. I'm just saying if you looked at the statute and it said you may exempt an interest in property or the statute said you may exempt property, your reading is that that's the distinction that makes no difference. That's correct. And I think I try to make that clear in my reply brief, a good section of that, saying, look, the bankruptcy code uses the word property and uses the word interest almost interchangeably, and that is correct. Let me ask you this. Aren't you in a situation where the liabilities exceed the assets of this bankruptcy? Oh, yes. Okay. That's all I wanted to know. Thank you. Thank you, Mr. Brewer. Mr. McKellar. Good morning. May it please the Court. I'm Scott McKellar from Rocky Mountain, North Carolina, appearing on behalf of Joseph N. Calloway, who is the Chapter 7 trustee in the subject bankruptcy case. Excuse me. The distinction, and it was pressed upon with Mr. Brewer, this case revolves around the distinction of whether the debtors are allowed to exempt an interest in this property or the property itself. This case revolved. That is the distinction, and that is the issue. Because, Your Honors, if and as the law and as we support in our briefs when you read the law, you heard my last question to him. He says to exempt an interest in property is exactly the same as the statute saying you may exempt the property. Absolutely not. We contend otherwise. That's what he said. Well, I respectfully disagree. Even in his brief, and if I may cite a statute, it's North Carolina General Statute 1C-1601B2, which defines the value of the debtor's interest that you may exempt. And value means the fair market value of an individual's interest in property less valid lien superior to the judgment lien sought to be enforced. So here, you know, as the Schwab case relied on by the lower courts makes clear, there is a distinction between the interest being exempted and the property itself. There's no dispute. There's no factual dispute as to valuation. This property is completely over encumbered. While the debtors in their Schedule C, their amended Schedule C to their petition, they claimed an exemption value of $60,000, 30 per each individual. He says that the remedies would still be there for the creditor outside of bankruptcy. Why are you fighting that then? If that's the case, I – Would the tax lien be extinguished? A tax lien, Your Honor, will be extinguished after 10 years. And so the predicament that we have here is that there is a distinction between a regular consensual mortgage lien, which is the Wells Fargo lien that's in first priority position, as opposed to the IRS lien. I don't understand. It seems to me that he then does make an argument that this bankruptcy procedure is just being used to ease the way for creditors to get their money rather than just go through the normal state mandated procedures. I guess that's where he's going with that. That's where he's going. I respectfully disagree. Was he wrong? He is wrong. I'm just asking, why should you be allowed to use the bankruptcy provisions in a way that he is least colorably wrong? I'm not saying it is wrong. But it looks like the purpose is just to really, like he says, aid some creditors. They have rights outside of bankruptcy.  To liquidate property of the bankruptcy estate and distribute that to creditors. But to help a creditor who is current, whose debt is current? You're talking about the first mortgage holder. We're talking about the federal tax lien. I know, but I'm talking about the first mortgage holder. You're just saying the whole thing is driven by the tax lien. That's correct. Well, there's a distinction. And let's pose a hypothetical. Yes, Your Honor. That's what I was getting to. Carve out. That's correct. You're really not supposed to be up here trying to execute on secured type creditors because they have this interest. They have their state law remedies. So that's really not the focus. It's going to be, I mean, what Judge Shedd is getting at is really, with the value of this property, it's not going to be a whole lot, if anything, for a secured creditor, but at least in principle, because you've got a 30% carve out of the net amount, which presumably the house is supposed to be worth, I guess, around $300,000. You've got a $200,000 mortgage on it. You sell the thing for $300,000, which is probably not going to happen, but we'll see. And then you've got $100,000. You've got $30,000 left. You pay off all the administrative costs from all that and everything else. And in theory, there's supposed to be some money there that you then go to distribute to this unsecured creditor. So isn't that really the focus of what you're supposed to be doing? Absolutely. Absolutely. And when this case started, and that's still the trustee's intent, that this carve out will create a return for unsecured creditors that would otherwise not receive a dime. I understand all that. I understand that, and I see that. And by the way, I think that not a bad deal for unsecured creditors, but I think the argument is, yeah, but you're doing that by running roughshod over the relationship between the secured creditor and the owner of the asset just to create an interest that otherwise doesn't exist. Isn't that the argument? Because as between the mortgage company and the homeowner, unsecured creditors in the normal procedure, unsecured creditors are probably not going to get anything there. That's right. It's just the way they're going to get something is because he says you're overwriting his rights to grab something you can't have just to cut a deal, and to make your deal look decent, you have a little carve out for the unsecured creditors. Isn't that his argument? I would submit from the trustee's perspective that's one of the tenets of Chapter 7 is in cases that there are assets, and by virtue of this carve out, that there are assets which can be liquidated, then unsecured creditors that would otherwise go unpaid will receive a recovery. Yeah, but this would not create any value. This home wouldn't create any value in the estate to be distributed absent that carve out provision, right? Yes, based on the record. So in other words, that's my point. I think I understand his argument. You've artificially created by running roughshod over his rights. That's his argument. Nobody argues that the trustee's done a good job for the unsecured, but he's just saying that's fine to help the unsecured, but you can't do that by running roughshod over what other rights we have. I think that's his argument. That's probably true. I would submit that the debtor has not been prejudiced at all. He has claimed an exemption, a fiction. It's a fiction. There is no exemption interest. As you say, he's not been prejudiced. Judge Shedd is speaking to his rights, exemption rights, which I don't know what that means. It's saying he's not been prejudiced, but nevertheless have your rights run over. I mean, is that permitted? I mean, you can run over his rights because he's not going to be public. What rights are we specifically talking about? He will, you know, the debtors presumably if the trustee prevails, then the house likely will be sold. So that right of, but the house, what is the likelihood that the house may be sold anyway? I struggle to understand what rights we're talking about, that the debtors asserted his exemption rights. He said it three or four times, his right to have a place to live in. And he's saying he has a right. I don't think he's right, but he's asserting that under the law he has an interest to stay in that house, and the mortgage company isn't trying to throw him out. He said he's current on that. I think I heard him say that. I am not. The trustee is not submitting that Wells Fargo, the first mortgage holder, is being prejudiced in any way whatsoever. The issue here is the potential benefit and the likely benefit to creditors that would otherwise not get paid, the unsecured class, and to the federal tax lien, which potentially, your honors, if the discharge goes through. The discharge has already been entered in this case. So the debt owing to under the tax lien has been discharged. Let me ask you about this right to live in the place, because the right, I'm not sure the North Carolina statute says right to live in. I thought it said $30,000 exemption and then $60,000 if you're married. And then what the right, it would seem to me that, and take it in an instance where there was only just, let's say, a $100,000 mortgage on the house. The house is worth $300,000, and they're nothing else owed them. So then presumably he can get a $30,000 or $60,000 exemption. But it seems to me you still could sell the property, but don't you then have to just, then you just give back the $60,000. That's the normal situation, you see, your honor, where you would not see a trustee step in. Yeah, in that case, yeah, you're right. There would not be any return to creditors. That's the typical situation you would have. We wouldn't be here today if it was. If you follow his example, he's entitled to stay in the house. But if he didn't owe anything on it, he wouldn't be entitled. His house could be sold. And the best he could come out might be $60,000. That's correct. So he's better off having it all incumbent from his perspective. It's an interesting tactic that he's taken, that is to be sure. But what was this? I think he said that. I think the other side said this. The bankruptcy action filing was driven by the tax lien. What drove the bankruptcy filing? I don't recall. That's what he said. He dealt with taxes. Well, it's a huge tax lien, your honor. It's over $300,000. I didn't say it wasn't. But the point is, it looks to me like it was a calculation on the debtor's part. Sure. That he could keep the house and deal with that under the normal dealings between the mortgage company and the owner of the house to protect that interest, as he describes it. That's fine. He could deal with the tax lien in bankruptcy, and you just say it's a miscalculation on the debtor's part as to what rights he would retain after filing. Well, I don't see anywhere in the statutes talking about a place to sleep. I understand it's a sympathetic argument, and I appreciate that. You know what? I didn't say that, Dennis. I didn't say that. No, sir. I didn't say that. I said that's how he describes it. I didn't ask that, but I'm just trying to figure out where you find yourself. So it looks like he took the option to file on his reading of the state statute, thinking he would still be protected. We know how he reads it, how the debtor reads it. And what you did, the trustee did, was then strike a deal with the tax lien people to say, we will do something. You'll get some of your money, but for me looking out for you, some part of that money that you get, you'll have to give back to me to give to the unsecured. Is that right? That's correct. And if we can go back to the intent, and it's not on the record, but if you think conceptually why the case was filed, you have a $300,000 house encumbered by a $190,000 first mortgage. You have this huge tax lien that's coming under it. It makes perfect sense to file if you can get out from under it. And so what I was trying to allude to earlier, the discharges are to be entered in the case. So the underlying debt is wiped out. Debt's wiped out in Chapter 7, but the lien survived. Which debt? The tax debt, the IRS tax debt. So the lien will survive post when the case closes. And that's true with Wells Fargo too. But there's a difference between consensual liens and federal tax liens, and it's an important distinction because the mortgage liens will survive, and those rights will not expire, whereas the tax lien is going to expire in ten years. And therefore, I mean, in just several more years, that tax lien is going to be gone, it's going to be extinguished. And the debtors have the very real chance of owning this property just subject to the Wells Fargo mortgage, which would be a home run from their perspective. And they won't seek to sell the property to collect on the lien? I would bet that Mr. Brewer would argue when that foreclosure, tax foreclosure is initiated, would say that there's no underlying debt because it's been extinguished. And the only thing that survives is the lien. And we alluded to this in our brief that the lien, the lien survives, there's no underlying, the debt's been discharged, so the tax foreclosure can't go forward. You're saying without a note, without a deed of trust, without a note? I mean, that doesn't make any sense to me. Okay. If Mr. Brewer is correct that the debtors would get the property, then the tax lien would still be on the property. That's correct, Your Honor. And you say it would last for ten years. So if the bankruptcy... I think it's now, it'll set to expire in 2017. All right. Well, so if somehow or other the debtor got the property and the bankruptcy state was closed and so forth, the IRS would certainly foreclose on its tax lien if the debtor got the house. That could happen. However, I'll point out to you, in that situation, what's going to happen to the unsecured class that would otherwise benefit in this case? They're not going to get anything. That's correct. And we're saying, Your Honor, we've... If the debtors was correct and if they got the house, then the tax lien would still be on the house and the IRS would certainly foreclose on it. They could. But Your Honor, I understand you say that if they foreclose on it, it's discharged? It is discharged? If there's no value in the lien. I don't understand that, how you have a lien that has no underlying obligation to it. So if you foreclose, there's nothing that he can, that IRS can collect because you say it's been discharged. My premise was that if the debtor got the house, the tax lien is still on the house. That was my premise. And we agree with that. But he said the lien is worth nothing. He says it's worth nothing. He said he... Didn't you say under that scenario... That's an argument that could be made. Now, I don't have any... I'm sorry, Your Honor. I said, didn't you say in response to the question about the lien attaching or continuing on the house outside of bankruptcy, that you would anticipate if there was an attempted foreclosure on that lien, there would be an argument made that there is a lien, but there's no debt because the debt had been discharged. The tax debt had been discharged in bankruptcy. That's at least what you just said. I believe that argument would be made. Whether it be successful or not, I can't represent that to you. Okay. Go ahead. I'll let you go ahead. I see my time is wrapping up. Unless there are any further questions. Judge Wynn, I see you shaking your head. I'm happy to try to flesh this out. No, no questions. Thank you very much. Thank you, Your Honors. We may have more questions, just not a view. Mr. Brewer. Mr. Brewer, while you're coming up here, you questioned the validity of swab, and you said that you read something where Judge Thomas had said so-and-so. Was Judge Thomas in the majority in that case? Yes. It was, I believe, a 5-4 opinion, as I recall, and Justice Thomas was in the majority. Specifically, if he was in the majority. Yes. He wrote the opinion for the court. All right. Let me talk about tax liens,  If the IRS, it is clear that the IRS tax lien survives this bankruptcy. Cite in my brief on page . . . This won't turn on tax lien. It's going to turn on the question of interest. The issue in this case, I mean, this is a nice little side discussion we're having, but your issue is going to turn on whether that legal interest is subject to exemption in this case. Yes. If you want to talk about tax lien, go ahead. Well, I just want to make . . . I'm further to talk further about the interest, but I do want to make the point that the tax lien survives a bankruptcy, and the IRS retains the right, the cases are there in 27 U.S. versus Henry, to sell the property, and there's no way I can go in and argue you don't have the right. Just as a mortgage lien, the personal liability on a mortgage, I file a bankruptcy unless my client . . . Is there a value to that tax lien? Is there a value to that tax lien? Yes. Is there a debt that's attached to this collectible? Yes. Even though the personal liability is gone, the tax lien remains. That's, you know, it's Long versus Bullard is the case that liens survive bankruptcy. Just like if I got a mortgage debt, my debtor's personal liability to Wells Fargo has been extinguished. If my client never pays Wells Fargo another dime . . . You answered it. You're taking your time to further explain it. All right. So . . . But, again, if that's what you want to spend your time doing . . . So, to get back to the interest in property, North Carolina statute says the debtors may exempt his interest in property not to exceed a value. And then Mr. McCullers cited the statute in my brief. Value equals the total value less liens, all liens, consensual liens to Wells Fargo . . . If it is . . . Liens to the IRS. . . . interest in property, period, as does the Florida statute. Clearly a case in which the property is subject to exemption. When you add up to a value, aren't you talking about a different kind of interest than just the property? With all due respect, no, Your Honor. Florida statute says your interest in property . . . And there's no limit on it. It's, you know . . . Okay. North Carolina says interest in property not to exceed a certain amount. So, as long as I'm not exceeding . . . Property. You just get that up to that certain amount. That's the problem. I'm getting my interest . . . You only got that value in it. But, I'm not exempting money. I'm exempting the interest in the property. It's just that that interest can't exceed a certain amount. So, North Carolina's exemption law in Florida is the same. It's just North Carolina's got a cap on it. Florida's does not. And, as long as I'm underneath that cap, which the debtors were in this case . . . Then, I've exempted the interest in the property. And, as I answered Judge Shedd's opinion at the end of my opening argument . . . Interest in property, with all due respect, means the same thing. So, if the property is foreclosed upon . . . Then, the debtors would then be entitled to $60,000. No. No. Of the net proceeds. Because . . . Of the net proceeds. If there are any, if it's foreclosed upon by the IRS . . . Then, their only interest would be $60,000 of the net proceeds. Yes, but in . . . Because, they don't have the whole property. North Carolina isn't given the whole property, like Florida. Florida, if it's foreclosed, it gets everything. Because, the whole property is exempt. But, in North Carolina, if it's foreclosed on . . . All it's going to get is $60,000 . . . Well, the two of them. $60,000. Well, not . . . That's the only . . . That's the only exemption they got. Now, in Florida, if property gets sold . . . Consent . . . Liens get paid under Florida law, as well. Otherwise, the mortgage market in Florida would . . . Would be worse than what it is now. Because, it's exempt. That's the first thing. You're not going to get it because it's exempt. They have a complete exemption on the whole property. But, mortgage companies in Florida can foreclose. But, that's the security . . . That's what I'm talking about. That's what I'm talking about. Yeah, that's what I'm talking about. So, in both states, it's the same. Liens take priority over exemptions. The North Carolina statute . . . The bankruptcy code provides that. It's just that, once it's being sold under North Carolina law . . . You can't . . . If it is sold . . . If it's property sold . . . Your value . . . We keep using $60,000. It's truly . . . It's $35,000 per person. It's $70,000. I've used $60,000 because of . . . Because of the wild card carve-out. I hate to use that word in this case. Because, I want to talk about carve-outs in a minute. Because, Judge Shedd talked about what the trustees are trying to do here. Your Honor, trustees are to sell property . . . Are not to . . . If this carve-out works, then you open up a Pandora's box. Because, let's take away the tax lien. Let's take somebody with a $300,000 first house . . . With a $290,000 first and a $100,000 second. So, they're upside down by $90,000. In this real estate market . . . That is a very common situation. If . . . If this works . . . Debtor files bankruptcy. He's got no equity in his house. Claims the property is exempt. But, the mortgage . . . But, the trustee goes to the second mortgage and say . . . You know, it's real pain in the butt . . . To follow your state court remedies . . . To foreclose on a piece of property. Why don't I sell it . . . And, carve out some money for you . . . To give you money. Well . . . In a world in which there's not a bankruptcy code . . . That controls how things could happen . . . Some might say that's maybe a fine thing to do. You've got to satisfy that first mortgage at $290,000. All right. So, he's got to sell that house for greater than that. All right. You don't have to . . . You've got to subordinate a lien on that house to do that. That ain't going to happen. Then, I'll change the facts. I'll make it a $200,000 first and a $200,000 second. So, now I've got $100,000. Okay. So, now he doesn't have to sell it but for $300,000. And, he does a carve out. You're right. My example was a bad one because I didn't leave much room there. But, you leave a lot of room. That means when debtors file bankruptcy now . . . It's a free fall . . . On what trustees can do . . . To be selling property through carve outs . . . That is totally . . . I don't think the right word I would use is inimical . . . To the provisions of the United States Bankruptcy Code . . . That trustees can go around carving out deals with . . . That's a good example because the second is going to foreclose himself. He can do that. He's a secured creditor. And, simply pay off the first. There's no reason to give a carve out to a second mortgage. Second mortgages may allow a carve out because they'd rather have a trustee . . . That they'd rather have a trustee to sell . . . Than to follow their state court remedies. My point is the law should say . . . Second mortgage companies, first mortgage companies . . . The United States government and the IRS . . . Follow their non-bankruptcy remedies . . . To collect their secured debts . . . And, you can't do it through property that the debtor has claimed is exempt . . . In a bankruptcy case. Let me ask you this on my time since your time has expired. The residence or the real property we are arguing over . . . Was included in the bankruptcy's filing. Was that not correct? Yes, your honor. Schedule C or something like that? Yes. Alright. And, it always remained in the bankruptcy state. Is that correct? Until the debtor exempted it . . . And, the bankruptcy judge entered an order . . . Alright. Denying the trustee's exempt . . . Then, it was removed from the state. How did it get in the bankruptcy state? Was it legal title in the bankruptcy state? The entire debtor's interest came into the bankruptcy state. Legal title to the real property debt? Yes. The bankruptcy code says both legal and equitable interest come into the bankruptcy . . . So, the trustee couldn't sell the property unless he had legal title? And, the debtor exempted it. No, you just got through saying that the debtor didn't exempt the property. Exempted the value of the interest that it would have. No, no. My construction is whatever the debtor brought into the bankruptcy state is defined in Section 541 is the interest that when you exempt . . . You're exempted what? You're exempted interest. And, there's no reason to believe interest that comes in is any different than the exemption that goes out. So, under your theory, once legal title got in the bankruptcy state, got in the trustee's estate . . . Your theory is that they could exempt that legal title back to the debtors. That's exactly what exemptions allow debtors to do. That, that, that, that . . . Yes. Exactly, Your Honor. Okay. Thank you. Alright. Thank you very much.
judges: Dennis W. Shedd, James A. Wynn Jr., Clyde H. Hamilton